**E-FILED**
Wednesday, 21 September, 2011  05:29:50 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID L. DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-3280 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Defendant Michael J. Astrue, Commissioner of

Social Security's Motion to Dismiss.  See d/e 26 (the Motion).  For the reasons that

follow, the Motion is GRANTED.

## FACTS

The Social Security Administration (SSA) determined that Dupree  was

disabled and eligible to receive Supplemental Security Income (SSI) as of January

1, 2009.  The SSA paid Dupree monthly SSI benefit checks up to and including

August 2009.  Dupree's September 2009 benefit check was returned to the United

States Treasury.  As a result, on September 28, 2009, SSA sent Dupree a Notice of

Planned Action (Form SSA-L8155), to Dupree's last known address.  The Notice

of Planned Action informed Dupree that:  (a) SSA would suspend his SSI benefits

as of November 1, 2009; (b) he had 60 days to seek reconsideration; (c) he could

request a formal conference at the reconsideration level; and (d) he must appeal

within 10 days to continue receiving his SSI benefits until SSA issued its decision

on reconsideration.

Dupree did not seek reconsideration of the September 28, 2009 Notice of

Planned Action.  SSA suspended Dupree's SSI benefits as of November 1, 2009.

In December 2009, SSA received information that Dupree was incarcerated

in the Sangamon County Jail.  On December 10, 2009, SSA sent another Notice of

Planned Action (Form SSAL8155) to Dupree. Like the prior Notice of Planned

Action, the December 10, 2009 Notice of Planned Action informed Dupree that:

(a) SSA would suspend his SSI benefits for September and October 2009;1 (b) he

had 60 days to seek reconsideration by formal conference, informal conference or

case review; and (c) he must appeal within 10 days to continue receiving his SSI.

On December 17, 2009, the SSA sent Dupree a notice of "Important Information"

which advised him that the SSA would be suspending his SSI benefits for

September and October of 2009.

By letter dated January 20, 2010, Dupree sought reconsideration of the

SSA's December 17, 2009 notice of "Important Information".  The letter also

served as a request for reconsideration of the December 10, 2009 Notice of

Planned Action.  In a separate letter dated January 22, 2010, Dupree requested

reconsideration of the SSA's January 11, 2010 Notice of Overpayment.

On October 26, 2010, Dupree filed a Complaint seeking to get his SSI

benefits reinstated.  See d/e 1.  He filed an Amended Complaint on April 26, 2011

seeking reinstatement of his benefits and a mandamus order commanding the

Commissioner to immediately pay those benefits.  See d/e 20.  The Commissioner

has filed the instant Motion (d/e 26) seeking to dismiss Dupree's Amended

Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1) because the pendency of Dupree's requested reconsideration

shows that the SSA—through the Commissioner—has not yet reached a final

decision about Dupree's claims.

Dupree opposes the Commissioner's efforts.  When he filed his opposition,

Dupree advised the Court that he is incarcerated at Vandalia Correctional Center in

Vandalia, Illinois.  See d/e 44 (Notice of Change of Address).  By performing an

inmate search on the Illinois Department of Corrections website, the Court found

that Dupree was taken into custody for burglary on July 25, 2009, convicted, and

given 7 years in prison.  See

http://www.idoc.state.il.us/subsections/search/inms.asp.  His projected parole date

is January 25, 2013.

## STANDARD

When considering a Federal Rule of Civil Procedure 12(b)(1) motion to

dismiss for lack of subject matter jurisdiction, courts accept as true all well-pled

factual allegations and draw reasonable inferences from the allegations in favor of

the plaintiff.  See Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993).

However, unlike a motion to dismiss for failure to state a claim under Federal Rule

of Civil Procedure 12(b)(6), courts can look beyond the allegations of the

complaint and consider affidavits and other documentary evidence to determine

whether subject matter jurisdiction exists.  Id.

## ANALYSIS

### 1.  Jurisdictional Issue

District courts only have subject matter jurisdiction over disputes involving

final decisions of the Commissioner.  See 42 U.S.C. § 405(h).  Section 405(h)

states that:  "The findings and decision of the Commissioner of Social Security

after a hearing shall be binding upon all individuals who were parties to such

hearing.  No findings of fact or decision of the Commissioner of Social Security

shall be reviewed by any person, tribunal, or governmental agency except as herein

provided.  No action against the United States, the Commissioner of Social

Security, or any officer or employee thereof shall be brought under section 1331 or

1346 of Title 28 to recover on any claim arising under this subchapter."  Id.; see

also § 405(g) ("Any individual, after any final decision of the Commissioner of

Social Security made after a hearing to which he was a party, irrespective of the

amount in controversy, may obtain a review of such decision by a civil action

commenced within sixty days after the mailing to him of notice of such decision or

within such further time as the Commissioner of Social Security may allow.").

    A final judgment consists of two elements: (1) the claimant presenting a

claim to the Commissioner; and (2) the claimant exhausting his or her

administrative remedies.  See Heckler v. Ringer, 466 U.S. 602, 605–06 (1984).

The presentment requirement is jurisdictional and cannot be waived by the

Commissioner or the courts.  See Matthews v. Eldridge, 424 U.S. 319, 328 (1975).

The exhaustion requirement is not jurisdictional and can, under limited

circumstances, be waived by either the Commissioner or the court.  Id.  As the

Supreme Court explained: "Exhaustion is generally required as a matter of

preventing premature interference with agency processes, so that the agency may

function efficiently and so that it may have an opportunity to correct its own errors,

to afford the parties and the courts the benefit of its experience and expertise, and

to compile a record which is adequate for judicial review." <u>Bowen v. New York</u>,

476 U.S. 467, 484 (1986) (citation omitted).

Because Dupree's letters dated January 20 and 22, 2010 sought

reconsideration of the SSA's benefits determinations, Dupree has clearly satisfied

the presentment requirement.  However, given that Dupree's claims are currently

being reviewed by the Commissioner, equally clearly has not exhausted his

administrative remedies.  Accordingly, the Commissioner has not had the

opportunity to fully review Dupree's claims.  As a result, a full record has not yet

been compiled and this Court cannot adequately perform a judicial review.

Therefore, since Dupree has not yet exhausted his administrative remedies, no final

judgment exists over which this Court can exercise subject matter jurisdiction and

Dupree's claims for wrongful suspension of benefits must be dismissed under Rule

12(b)(1).  <u>Id.</u>

### 2.  Mandamus Issue

Section 205(h) of the Social Security Act provides in part that "[n]o findings

of fact or decision of the Secretary shall be reviewed by any person, tribunal or

governmental agency except as herein provided."  <u>Id.</u>  Still, the Seventh Circuit has

held that mandamus jurisdiction exists over claims under the SSA that are

procedural in nature.  <u>See</u> <u>Burnett v. Bowen</u>, 830 F.2d 731, 738 (7th Cir. 1987)

(discussing courts' power to order mandamus pursuant to 28 U.S.C. § 1361 as to

decisions rendered by the Secretary of the SSA).  Three elements must exist for a

writ of mandamus to issue:  (1) a clear right in the plaintiff to the relief sought; (2)

a plainly defined and peremptory duty on the part of the defendant to do the act in

question; and (3) no other adequate remedy available.  See Burnett, 830 F.2d at

738.

Dupree has not established any of the three elements necessary for a writ of

mandamus to issue.  His "right" to SSI is dubious given that his incarceration

likely precludes SSI benefits.  Once an SSI recipient is incarcerated, the recipient is

no longer eligible for SSI.  See Schweiker v. Wilson, 450 U.S. 221, 224, 101 S.Ct.

1074, 67 L.Ed.2d 186 (1981) (quoting 42 U.S.C. § 1382(e)(1)(A)).  In relevant

part, the Social Security Act provides that "no monthly benefits shall be paid . . . to

any individual for any month . . . throughout all of which such individual (i) is

confined in a jail, prison, or other penal institution or correctional facility pursuant

to his conviction of a criminal offense.  See 42 U.S.C. § 402(x)(1)(A).  The

suspended benefits are resumed "effective with the earliest day of the month in

which a recipient is no longer a resident of a public institution."  See 20 C.F.R. §

416.1325.  If Dupree's incarceration precludes benefits, the Commissioner is

required to suspend SSI payments.  Furthermore, the fact that Dupree's SSI claims

are being reviewed by the Commissioner shows that Dupree has an adequate

remedy at law.

### CONCLUSION

THEREFORE, Defendant's Motion to Dismiss (d/e 26) is GRANTED.  This

case is CLOSED.  All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

ENTERED: September 21, 2011

FOR THE COURT BY:                    s/ Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE