E-FILED
Wednesday, 21 September, 2011 05:29:50 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID L. DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-3280 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Defendant Michael J. Astrue, Commissioner of Social Security's Motion to Dismiss. See d/e 26 (the Motion). For the reasons that follow, the Motion is GRANTED.

## FACTS

The Social Security Administration (SSA) determined that Dupree was disabled and eligible to receive Supplemental Security Income (SSI) as of January 1, 2009. The SSA paid Dupree monthly SSI benefit checks up to and including August 2009. Dupree's September 2009 benefit check was returned to the United States Treasury. As a result, on September 28, 2009, SSA sent Dupree a Notice of

1

Planned Action (Form SSA-L8155), to Dupree's last known address. The Notice of Planned Action informed Dupree that: (a) SSA would suspend his SSI benefits as of November 1, 2009; (b) he had 60 days to seek reconsideration; (c) he could request a formal conference at the reconsideration level; and (d) he must appeal within 10 days to continue receiving his SSI benefits until SSA issued its decision on reconsideration.

Dupree did not seek reconsideration of the September 28, 2009 Notice of Planned Action. SSA suspended Dupree's SSI benefits as of November 1, 2009.

In December 2009, SSA received information that Dupree was incarcerated in the Sangamon County Jail. On December 10, 2009, SSA sent another Notice of Planned Action (Form SSAL8155) to Dupree. Like the prior Notice of Planned Action, the December 10, 2009 Notice of Planned Action informed Dupree that: (a) SSA would suspend his SSI benefits for September and October 2009;1 (b) he had 60 days to seek reconsideration by formal conference, informal conference or case review; and (c) he must appeal within 10 days to continue receiving his SSI. On December 17, 2009, the SSA sent Dupree a notice of "Important Information" which advised him that the SSA would be suspending his SSI benefits for September and October of 2009.

By letter dated January 20, 2010, Dupree sought reconsideration of the

SSA's December 17, 2009 notice of "Important Information". The letter also served as a request for reconsideration of the December 10, 2009 Notice of Planned Action. In a separate letter dated January 22, 2010, Dupree requested reconsideration of the SSA's January 11, 2010 Notice of Overpayment.

On October 26, 2010, Dupree filed a Complaint seeking to get his SSI benefits reinstated. See d/e 1. He filed an Amended Complaint on April 26, 2011 seeking reinstatement of his benefits and a mandamus order commanding the Commissioner to immediately pay those benefits. See d/e 20. The Commissioner has filed the instant Motion (d/e 26) seeking to dismiss Dupree's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the pendency of Dupree's requested reconsideration shows that the SSA—through the Commissioner—has not yet reached a final decision about Dupree's claims.

Dupree opposes the Commissioner's efforts. When he filed his opposition, Dupree advised the Court that he is incarcerated at Vandalia Correctional Center in Vandalia, Illinois. See d/e 44 (Notice of Change of Address). By performing an inmate search on the Illinois Department of Corrections website, the Court found that Dupree was taken into custody for burglary on July 25, 2009, convicted, and given 7 years in prison. See

http://www.idoc.state.il.us/subsections/search/inms.asp.  His projected parole date is January 25, 2013.

## STANDARD

When considering a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, courts accept as true all well-pled factual allegations and draw reasonable inferences from the allegations in favor of the plaintiff.  See Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993).  However, unlike a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts can look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists.  Id.

## ANALYSIS

**1.  Jurisdictional Issue**

District courts only have subject matter jurisdiction over disputes involving final decisions of the Commissioner.  See 42 U.S.C. § 405(h).  Section 405(h) states that:  "The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein

4

provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." Id.; see also § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.").

A final judgment consists of two elements: (1) the claimant presenting a claim to the Commissioner; and (2) the claimant exhausting his or her administrative remedies. See Heckler v. Ringer, 466 U.S. 602, 605–06 (1984). The presentment requirement is jurisdictional and cannot be waived by the Commissioner or the courts. See Matthews v. Eldridge, 424 U.S. 319, 328 (1975). The exhaustion requirement is not jurisdictional and can, under limited circumstances, be waived by either the Commissioner or the court. Id. As the Supreme Court explained: "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and

to compile a record which is adequate for judicial review." Bowen v. New York, 476 U.S. 467, 484 (1986) (citation omitted).

Because Dupree's letters dated January 20 and 22, 2010 sought reconsideration of the SSA's benefits determinations, Dupree has clearly satisfied the presentment requirement. However, given that Dupree's claims are currently being reviewed by the Commissioner, equally clearly has not exhausted his administrative remedies. Accordingly, the Commissioner has not had the opportunity to fully review Dupree's claims. As a result, a full record has not yet been compiled and this Court cannot adequately perform a judicial review. Therefore, since Dupree has not yet exhausted his administrative remedies, no final judgment exists over which this Court can exercise subject matter jurisdiction and Dupree's claims for wrongful suspension of benefits must be dismissed under Rule 12(b)(1). Id.

**2. Mandamus Issue**

Section 205(h) of the Social Security Act provides in part that "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency except as herein provided." Id. Still, the Seventh Circuit has held that mandamus jurisdiction exists over claims under the SSA that are procedural in nature. See Burnett v. Bowen, 830 F.2d 731, 738 (7th Cir. 1987)

(discussing courts' power to order mandamus pursuant to 28 U.S.C. § 1361 as to decisions rendered by the Secretary of the SSA). Three elements must exist for a writ of mandamus to issue: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. See Burnett, 830 F.2d at 738.

Dupree has not established any of the three elements necessary for a writ of mandamus to issue. His "right" to SSI is dubious given that his incarceration likely precludes SSI benefits. Once an SSI recipient is incarcerated, the recipient is no longer eligible for SSI. See Schweiker v. Wilson, 450 U.S. 221, 224, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981) (quoting 42 U.S.C. § 1382(e)(1)(A)). In relevant part, the Social Security Act provides that "no monthly benefits shall be paid . . . to any individual for any month . . . throughout all of which such individual (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense. See 42 U.S.C. § 402(x)(1)(A). The suspended benefits are resumed "effective with the earliest day of the month in which a recipient is no longer a resident of a public institution." See 20 C.F.R. § 416.1325. If Dupree's incarceration precludes benefits, the Commissioner is required to suspend SSI payments. Furthermore, the fact that Dupree's SSI claims

7

are being reviewed by the Commissioner shows that Dupree has an adequate remedy at law.

## CONCLUSION

THEREFORE, Defendant's Motion to Dismiss (d/e 26) is GRANTED. This case is CLOSED. All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

ENTERED: September 21, 2011

FOR THE COURT BY:            s/ Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE